ORIGINAL

REISSUED FOR PUBLICATION
JAN 5 2017
OSM
U.S. COURT OF FEDERAL CLAIMS

# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

No. 14-984V

Filed: December 9, 2016

FILED
DEC -9 2016
U.S. COURT OF
FEDERAL CLAIMS

```
* * * * * * * * * * * *
GAENA MARIA LANEY,        *
                          *
    Petitioner,           *             Dismissal; Failure to Prosecute;
                          *             Failure to Follow Court Orders.
v.                        *
                          *
SECRETARY OF HEALTH       *
AND HUMAN SERVICES,       *
                          *
    Respondent.           *
* * * * * * * * * * * *
```

*Gaena Laney*, pro se, Greenbrier, TN.
*Adriana Teitel*, United States Department of Justice, Washington, DC, for respondent.

### DECISION DISMISSING PETITION[1]

**Roth**, Special Master:

On October 14, 2014, petitioner filed a petition for compensation in the National Vaccine Injury Compensation Program,[2] alleging that she was injured by a vaccine listed on the Vaccine Injury Table. *See generally*, Petition, ECF No. 1. At that time, petitioner was represented by counsel. Counsel subsequently filed a motion to be relieved, which

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, it will be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002 (codified as amended at 44 U.S.C. § 3501 note (2012)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

1

was granted on March 17, 2016. *See* Unopposed Motion to Withdraw as Attorney, filed February 17, 2016, ECF No. 37; Order, issued March 17, 2016, ECF No. 38.

On May 4, 2016, the undersigned held a status conference with Ms. Laney and respondent's counsel; at this time, petitioner advised the Court that she was in the process of looking for alternative counsel. Following that status conference, the undersigned issued an order requiring petitioner, Ms. Gaena Laney, to file a Status Report by no later than July 5, 2016, updating the Court on her progress in retaining a new attorney. A list of attorneys experienced in the Vaccine Program was attached to the order, which was forwarded to petitioner by mail. Status Report Order, issued May 4, 2016, ECF No. 41.

On August 25, 2016, chambers staff contacted Ms. Laney via email at gaenagirl@gmail.com, requesting that she submit the required Status Report as soon as possible. Ms. Laney did not respond to this communication. On September 9, 2016, the undersigned issued an order setting a status conference for Tuesday, October 25, 2016, at 2:00 pm. Status Conference Order, issued September 9, 2016, ECF No. 49. Chambers staff attempted to contact Ms. Laney, via the telephone number as listed on the case docket, three times on October 25: at 2:00 pm, 2:20 pm, and finally at 3:00 pm. Ms. Laney did not answer any of these calls. A message was left for Ms. Laney to contact chambers. There was no contact from the petitioner.

On October 31, 2016, the undersigned issued an Order to Show Cause, requiring petitioner to file a status report or otherwise show cause for why her case should not be dismissed for failure to prosecute, by no later than Tuesday, December 6, 2016. Petitioner was advised that failure to respond to court orders would result in the dismissal of her claim. Petitioner did not file a status report, nor did she contact the Court in any way to indicate that she still intended to prosecute her case.

It is petitioner's duty to prosecute her case, and to follow court orders. *Tsekouras v. Sec'y, HHS*, 26 Cl. Ct. 439 (1992), *aff'd per curiam*, 991 F.2d 810 (Fed. Cir. 1993); *Sapharas v. Sec'y, HHS*, 35 Fed. Cl. 503 (1996); Vaccine Rule 21(b). **Accordingly, this case is dismissed for failure to prosecute and failure to follow courts orders. The clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

Mindy Michaels Roth
Special Master